**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ilia Charov,<br><br>    Plaintiff,<br><br>vs.<br><br>Bank of America, et al.,<br><br>    Defendants. | No. CV-10-00512-PHX-FJM<br><br>**ORDER** |

The court has before it defendants Bank of America, N.A. ("BofA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Cal-Western Reconveyance Corporation ("CRC")'s motion to dismiss (doc. 13), pro se plaintiff Ilia Charov's response (doc. 16), and defendants' reply (doc. 17).

**I**

Plaintiff alleges that he applied for and obtained a mortgage loan on a house in Gilbert, Arizona on February 8, 2007. According to plaintiff, he signed a promissory note for $149,266.00 with BofA. He also identifies PRLAP, Inc. as a trustee and MERS as a beneficiary, apparently in connection with a deed of trust. The house was scheduled for a trustee's sale pursuant to a deed of trust on March 19, 2010, but plaintiff informed the court that the sale had been cancelled during a Temporary Restraining Order hearing on March 17, 2010. The lengthy complaint contains little else of substance. Liberally construed, it seeks

to prevent a trustee's sale based on the Uniform Commercial Code ("UCC"), A.R.S. § 47-3101, and defendants' failure to present the note. Plaintiff also generally alleges that his loan transaction was a series of specious accounting maneuvers whereby BofA converted his note into an asset and sold it without ever lending him actual money. Plaintiff makes fragmented references to a number of statutes and causes of action, including the Truth in Lending Act, 15 U.S.C. § 1601, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681, fraud, and breach of fiduciary duty.

Defendants offer the uncontested deed of trust referenced in the complaint, which identifies the loan as a home equity line of credit. Motion, Ex. A. It also identifies PRLAP, Inc. as the trustee and BofA as the beneficiary. Defendants allege that CRC was substituted as the trustee in November 2009. At the TRO hearing, we advised plaintiff to seek legal advice because his complaint was incomprehensible. He evidently has not done so. Defendants move to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

**II**

Under Rule 8(a)(2), Fed. R. Civ. P., a plaintiff must allege sufficient facts to state a plausible claim for relief. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). Moreover, a plaintiff who alleges fraud must state the circumstances constituting fraud with particularity. Rule 9(b), Fed. R. Civ. P. Defendants point out that plaintiff does neither. His complaint does not contain specific factual allegations beyond the identification of a house, a note, and a deed of trust. Plaintiff fails to plead sufficient factual allegations to state a claim.

Defendants also point out that, although the state appellate courts have yet to weigh in, the United States District Court for the District of Arizona has repeatedly rejected challenges to non-judicial foreclosure proceedings under A.R.S. § 33-807 based on the UCC and the failure to present a note. Levine v. Downey Sav. & Loan F.A., No. CV-09-1656-PHX-JAT, 2009 WL 4282471, at *3 (D. Ariz. Nov. 25, 2009); see Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009); Mansour v. Cal-Western

1  Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009). Plaintiff's presentment
2  theory is not cognizable.

3  While MERS and CRC rely more generally on the inadequacy of plaintiff's factual allegations, BofA addresses plaintiff's identifiable attempts to plead a cause of action. It contends that any claims under the Truth in Lending Act, 15 U.S.C. § 1601, or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, are facially time-barred. It also contends that it is not a "debt collector" within the meaning of the Fair Debt Collection Practices Act, which exempts creditors collecting debt that they originated. 15 U.S.C. § 1692a(6). Next, BofA points out that plaintiff does not allege that it received a notice of dispute from a credit reporting agency, which is necessary to plead a private cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Finally, it maintains that plaintiff fails to adequately allege the existence of a fiduciary relationship.

In his response, plaintiff includes a shortened list of his fragmented references to statutes and causes of action. He does not address defendants' contentions. Instead, he asserts that defendants lack standing and are not the real parties in interest pursuant to Rule 17, Fed. R. Civ. P. Plaintiff does not allege, however, that defendants are seeking to prosecute an action in this court or in any other. Thus, their status as real parties in interest capable of prosecuting an action is not at issue. To the extent that plaintiff's standing argument is a reformulation of his claim that defendants must present the note to proceed with a non-judicial foreclosure, it is no more cognizable than his original theory.

Because the complaint does not contain sufficient factual allegations to state a plausible claim for relief under Rule 8(a)(2), Fed. R. Civ. P., we will grant defendants' motion to dismiss. Although defendants go to great length to explain plaintiff's failure to plead factual allegations, plaintiff does not provide additional factual allegations in his response or give any indication that he can do so. Therefore, we will grant defendants' motion with prejudice because leave to amend the complaint would be futile. See Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010).

1    Accordingly, **IT IS ORDERED GRANTING** defendants' motion to dismiss with
2 prejudice (doc. 13).
3    The clerk shall enter final judgment in favor of defendants and against plaintiff.
4    The scheduling conference set for July 9, 2010 is vacated.
5    DATED this 30th day of June, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge